BOOTH, Judge,
dissenting.
I would affirm the decision of the able trial court granting summary judgment as to liability of appellant for the payment of compensation to appellee Ford. The trial court’s order correctly states:
*828 “The interest in lands acquired by the Petitioner from the Respondents Hudson Pulp & Paper Corporation and Rotaler Corporation, and the specific purpose for acquiring same as authorized by Chapter 75-251, Laws of Florida, is substantially inclusive of and comprises the interest in said land held and owned by the Respondent, Frank A. Ford, as Trustee; that to allow a voluntary dismissal of this proceeding in the face of an objection thereto by said Respondent, is to summarily deprive said Respondent of his statutory right to a jury adjudication as to the sums to be awarded to him as full compensation for his ownership interest in the subject lands.” (emphasis supplied)
I do not agree with the majority view that appellee’s ownership of subsurface mineral rights is unaffected by the transfer of the land from private ownership to the Department of Natural Resources “for use as part of a fresh water wellfield,” and for preservation of “a large, relatively undisturbed fresh water ecosystem with ecological values.” Nor do I agree that appellee be required to wait and see to what extent the Department’s ownership interferes with his property rights before seeking a remedy in the form of inverse condemnation.
I respectfully dissent.